## Simon v. Webster.

(Decided May 13, 1919.)

### Appeal from Grant Circuit Court.

1. Action—Service of Summons—Answer.—Where a summons was issued upon the filing of the petition commanding the defendant, who resided in a county other than the one in which the action was brought, to answer in twenty days after its service upon him; and the summons was made returnable "within twenty days after the service thereof," the defendant was not required to answer until the first day of the term beginning twenty days after the service of the summons upon him. And although the summons was issued to and placed in the hands of the sheriff of the county in which the action was brought and was duly executed in such county upon the defendant, as it was executed twenty days before the first term of the circuit court beginning after its execution, it was sufficient for the defendant to answer on the first day of such term. Appellant could not complain that he was served with the summons in the county twenty, instead of ten, days before the next succeeding term of court, as the additional time gave him greater means for preparing and making his defense.

2. Pleading—Sufficiency of Answer.—As the answer and counterclaim of the defendant put in issue every material averment of the petition, in the absence of evidence sustaining the averments of the petition, or of an order showing that the answer and counterclaim were withdrawn or for good cause striken from the record, it was error for the trial court to render a default judgment in behalf of the plaintiff.

3. Pleading—Typewritten Signature.—The typewritten signature of a party or his attorney to a pleading, if made or authorized by such party or attorney, is a sufficient compliance with section 115 Civil Code, requiring pleadings to "be signed by the parties who file them or by their attorneys."

J. T. SIMON for appellant.

J. J. BLACKBURN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Granting appeal and reversing.

In this action the appellee recovered a judgment against appellant in the court below for $228.00, with six per cent interest from February 1, 1916, and costs. It is stated in the judgment that the defendant failed to answer, and that by reason thereof, the judgment went against him by default. Appellant duly filed in the court

below a motion and grounds for a new trial, which motion was overruled, and as the amount in controversy, exclusive of interest and cost, is in excess of $200.00, and less than $500.00, he has filed a transcript of the record in this court and prayed of it an appeal from the judgment of the circuit court, as allowed by Ky. Stats., section 950 (Civil Code, page 365) and rule 20 of the court.

It appears from the petition that the full amount sued for by appellee was $237.18, made up of certain items of indebtedness alleged to be owing him by appellant, the first item being $135.75, claimed as one-half of the net proceeds of a crop of tobacco produced by appellee in 1915, as a tenant on appellant's farm under an alleged contract whereby its net proceeds were to be shared by them equally, but appellee's half of which was, as further alleged, wrongfully retained and converted by appellant. The second item, $91.00, was for 91 days of labor, at $1.00 per day, performed by appellee in clearing ground and doing other work on appellant's farm in 1915 under an alleged contract whereby the latter agreed to pay him for such labor the price charged. The third item, $10.43, was, as alleged, for the making by appellee of 4,275 tobacco sticks for appellant at the agreed price of 25 cents per hundred.

Appellant entered in the court below a motion to quash the return upon the summons showing its service upon him by the sheriff, but the motion was overruled and an exception taken to the ruling. He later filed an answer and counterclaim which controverted the several items of indebtedness set forth in the petition, except the one seeking a recovery for appellee's half of the net proceeds of the tobacco, as to which, it was alleged, that appellee's half thereof was $127.07, instead of $135.75, as claimed in the petition. It was admitted in the answer and counterclaim that appellant had not paid appellee for his half of the tobacco. The pleading, however, set up certain items of indebtedness alleged to be due appellant from appellee for pasturing his stock, and of damages growing out of the latter's alleged violation of the contract under which he rented and cultivated appellant's farm in 1915; such as the failure to cultivate in tobacco and corn all the land specified; negligent cultivation and handling of the tobacco and corn produced, resulting in injury to the tobacco and corn and

loss to the appellant; also the failure of appellee to do certain fencing and other work required of him by the contract. The several alleged items of indebtedness and damages thus set up by appellant amounted in the aggregate to $291.50 in excess of what appellant admitted he owed appellee for his share of the tobacco, for which judgment was asked against appellee in the prayer of the answer and counterclaim.

Appellant's first complaint is that the circuit court erred in overruling his motion to quash the return showing the service upon him of the summons. This contention is based on the ground that as the summons was not executed upon the appellant 20 days before the beginning of a term of the Grant circuit court held succeeding its issuance, its service did not have the legal effect to bring him before the court at a subsequent term beginning 20 days after its service, consequently the court was without jurisdiction to render judgment against him. The petition was filed April 12, 1917, and summons at once issued thereon, which commanded the sheriff of Grant county to summon appellant to answer in 20 days after its service upon him, the petition filed in the Grant circuit court by appellee. Although appellant resides in Harrison county, as the summons was duly served on him in Grant county, September 11, 1917, it should have stated that ten, instead of twenty, days' service of it before the time for him to make his defense was required, and its return within ten days after its service directed; for it is only where the defendant resides and is summoned out of the county in which the action is brought that twenty days' service of the summons is required. But appellant cannot and does not complain of its requirement of twenty days' service, as the additional ten days gave him more time for preparing and making his defense. As the first regular term of the Grant circuit court, held after the filing of appellee's petition and issuance of the summons thereon, was required by the statute regulating the time of holding courts in the several counties of the state, to begin, and did commence, on the first Monday in June, 1917, which was before the execution of the summons upon appellant, it is manifest that he was not required to appear or answer the petition at that term. The next and succeeding term of the court began, as fixed by the statute, on the first Monday in October, 1917, and as the summons was

executed on appellant 20 days before the beginning of the
October term, under the provisions of what is known as
the "Practice Act," Civil Code, section 367a, subsections
3 and 4, he had until the first day of the October term,
1917, to file his answer or otherwise make defense to
the action, which was the first rule day after service upon
him of the summons.

Appellant's counsel makes the mistake of assuming
in argument that the summons was returnable to the
June term of the court and, upon this assumption, in-
sisting that, as it was not executed until after the expira-
tion of that term, it was a dead process when executed.
The fallacy of the argument is shown by the language of
the summons, which in explicit terms commands its re-
turn by the sheriff to the clerk's office of the court "with-
in 20 days after the service thereof." Moreover, this
command, as to its return, contained in the summons,
conforms to the requirements of the Civil Code, section
367a, subsection 2. We find no error in the refusal of
the circuit court to quash the return of the sheriff show-
ing the service of the summons.

Appellant's second and third complaints are that the
circuit court erred in rendering the judgment appealed
from and in refusing him a new trial, and these grounds
urged for the reversal asked of us will be considered to-
gether. We find from our reading of the record that
appellant appeared in the Grant circuit court on the first
day of its October, 1917, term, and that he then moved
to quash the sheriff's return on the summons, after the
overruling of which he entered a motion to require appel-
lee to paragraph his petition. This motion was sustained,
immediately followed by the paragraphing required.
Appellant then demurred to the petition and each par-
agraph thereof, and the demurrers were at once over-
ruled. The orders showing the above steps were all en-
tered on the first day of the October term, as was a further
order which recites that by agreement of parties the
trial of the case was set for the 14th day of the term.
It is claimed by appellant that by the same agreement
he was given until the 13th day of the term to file his
answer and counterclaim. The agreement as to the filing
of the answer and counterclaim is not shown by the
order, but whether made or not, the record does contain
an order, entered as of the 13th day of the October
term, showing the filing on that day of the answer and

counterclaim. It therefore conclusively appears from the record that the pleading in question was filed by appellant on the day before the case was set for trial.

On the 14th day of the October term, which seems to have been the 16th day of the month, the case was disposed of by the court as shown by the judgment then entered. Appellant was not present on the 14th day of the term, but did appear in court on the following day, which was the 15th day of the term, it being his contention that it was his understanding that the time for the trial of the case was fixed by the agreed order for the 15th instead of the 14th day of the term. Claiming, therefore, to have been surprised and greatly prejudiced by the action of the court in disposing of the case in the manner indicated on the 14th day of the term in his absence, appellant at once entered motion for a new trial, the ground in support thereof being, in part, accident and surprise, which, as stated, prevented him from appearing and making defense to the action on the 14th day of the term. His own affidavit and that of Judge B. F. Menifee were filed on the motion; his stating the facts relied on as showing the accident and surprise and that of Menifee that he and appellant were opposing counsel in another and more important case in the Grant circuit court which had been set for trial on the 15th day of the term, with reference to which they had a conversation at the railroad station in Williamstown on the afternoon of the 1st day of the October term and just before appellant took a train to go to his home in Cynthiana; that in the conversation referred to appellant and Menifee discussed certain steps to be taken in their case on the 15th day of the term, and appellant then informed Menifee that the action which appellee had brought against him was set for the same day and he would return to Williamstown on the morning of that day for the purpose of giving his attention to both cases. We think it reasonably apparent from the affidavits of appellant and Menifee that the former left Williamstown on the first day of the court under the impression that appellee's action against him had been set for the 15th day of the term. It is, however, proper to say that his affidavit does not state that he did not read or have an opportunity before leaving for his home to examine the order containing the agreement fixing the trial for the 14th day of the term; nor does it appear from his affidavit or other-

wise that the order was not entered of record before he left Williamstown. If he wrote the order or it was read by him or the opportunity given him to read it, he was estopped to rely upon his impression or belief that the case was set for trial on a day other than that named in the order. So on account of the silence of the affidavits as to the material facts referred to, we are not prepared to say that the accident and surprise claimed by the appellant could not have been prevented by the exercise of reasonable diligence on his part. Hence, we are not inclined to hold that the circuit court's refusal to grant the new trial on that ground is reversible error.

But there is another ground upon which the judgment must be reversed. The judgment was premature and unauthorized on the record before the circuit court. Appellant's answer and counterclaim were, as shown by an order of court appearing in the record duly filed on the 13th day of the October term, which was, of course, the day next before the 14th day of the term fixed by the agreed order for the trial of the case. So the circuit court, when it rendered the judgment against appellant in favor of appellee, had before it the answer and counterclaim of appellant, which appears in the record brought to this court on the appeal; and as the answer and counterclaim controverted and put in issue every material fact alleged in the petition, except appellee's claim to half the net proceeds of the tobacco and, as to that, put in issue the value of such half, and the affirmative matter of the answer and counterclaim was uncontroverted by a reply, it follows that appellee was not entitled to recover any amount against appellant in the absence of evidence establishing his claim. It is apparent therefore that the statement of the judgment that appellant had failed to answer, is unsupported by the record, and that the judgment should not have gone against him, under the circumstances, by default or at all.

It is said in the brief of counsel that the answer and counterclaim were stricken from the record by the circuit court because the name of the appellant, who is a lawyer and acted as his own attorney, was attached at the close of the pleading with a typewriting machine instead of with pen and ink. The record contains no order showing any such action on the part of the court. The only order in the record respecting the answer and counterclaim was entered as of the 13th day of the October, 1917,

term. The order merely shows the filing of the pleading, which is copied in full in the record immediately following the order. In the absence of a showing to the contrary, this court will take it for granted that the transcript of a record on appeal contains all the proceedings in the circuit court. If, however, it were shown by the transcript before us that appellant's answer and counterclaim were stricken from the record by the circuit court for the reason assigned, such ruling would constitute reversible error.

The Civil Code, section 115, only requires that pleadings "be signed by the parties who file them, or by their attorneys." The provision of the Code, *supra*, as to the signing of the pleading by the party or his attorney, simply means that it shall be subscribed by the party or his attorney or attorneys, and this can as well be done by typewritten signature, if made or authorized by the party or attorney, as if made in person by writing it with a pen and ink. Besides, failure to properly sign a pleading must be taken advantage of by rule, or the objection will be vaived. Vorheis v. Eyting, 15 R. 161. Even where the court permits a pleading not signed, to be filed, it should not afterwards render a judgment disregarding the plea, but should notify the party before its action that the pleading is insufficient and give him an opportunity to correct it. Ashbrook v. Boberts, 82 Ky. 29; Abernathy v. Meyer-Bridges & Co., 30 R. 844.

For the reasons indicated the appeal prayed is granted, the judgment of the circuit court reversed, and the cause remanded for a new trial and such further proceedings as may be consistent with the opinion.