**Mary Frances McATEE, Appellant,**

v.

**WIGLAND OF LOUISVILLE, INC., Appellee.**

Court of Appeals of Kentucky.

June 19, 1970.

Shirley Z. Small, John G. O'Mara, Louisville, for appellant.

Bert M. Edwards, Louisville, for appellee.

NEIKIRK, Judge.

This is an appeal from a summary judgment granted appellee. Appellant's motion to set aside the judgment was overruled by the trial court. This court sustained appellant's motion for an appeal.

Appellant complains that the motion for summary judgment should have been overruled in the lower court because notice of the motion was not received by the appellant. The record discloses that appellee had mailed the notice of motion for summary judgment to the appellant's attorneys at 424 West Liberty, Louisville, Kentucky, when, in fact, the correct address was 422 West Liberty.

In support of appellant's motion to set aside the summary judgment, an affidavit was filed by one of appellant's attorneys in which it was stated that appellee's motion for summary judgment was sent to the wrong address and was not received.

CR 56.03 requires that notice of a motion for summary judgment shall be served on the adverse party ten days before the time fixed for a hearing on such motion.

CR 5.02 states in part:

"* * * Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address * * *."

In the granting of a summary judgment, there must be a strict compliance with the legal prerequisites to establish the trial court's power to act summarily. Hawks v. Wilbert, Ky., 355 S.W.2d 655. A notice mailed to an incorrect address and not received by the addressee is not in compliance with CR 5.02.

We deem it unnecessary to the disposition of this appeal to discuss or decide other

issues presented. Our holding is confined to the issue of notice of the motion for summary judgment.

The judgment is reversed for further proceedings.

All concur.