**Phillip HANKINS and William M. White, Appellants,**

v.

**Patricia COOPER, Appellee.**

Court of Appeals of Kentucky.

May 20, 1977.

Konrad Poth, Louisville, for appellants.

Edwin E. Schottenstein, Louisville, for appellee.

Before HOGGE, VANCE and WINTER-SHEIMER, JJ.

WINTERSHEIMER, Judge.

Appellants seek to set aside a default judgment in the amount of $6,500.00 plus 6% interest, because of the failure of the Appellee to send a written notice of the application for default judgment as provided in CR 55.01.

The essential issue is whether the failure to send such a written notice is a fatal defect to the entry for default judgment. It is necessary to consider whether the Appellants have taken such steps to constitute an appearance in the action.

This Court reverses the judgment of the trial court and orders the default judgment set aside and a new trial be scheduled.

Appellant, William M. White, was involved in a traffic accident with the Appellee, Patricia Cooper, on July 5, 1975. White is a step-son of Appellant Phillip Hankins and was driving the vehicle registered in his step-father's name. Alias summons with the complaint attached was served on the Appellants on January 22, 1976. The address on the summons was West Point which is in Hardin County, Kentucky. The Appellants at that time lived in Shepherdsville which is in Bullitt County, Kentucky. The alias summons was served by the Bullitt County Sheriff. On February 10, 1976, the Jefferson County Circuit Clerk filed an unsigned document in which Phillip Hankins, on behalf of himself and William White, denied the complaint and submitted a type of counterclaim. This document was not served on the Plaintiff's attorney. On March 11, 1976, the attorney for the Plaintiff was advised of the "answer" by the Clerk's office and subsequently the trial court granted a thirty day continuance to the Defendant. The Plaintiff waited another full sixty days before taking any additional action. The trial court granted a default judgment on May 3, 1976, and on June 17, 1976, ordered damages in the sum of $6,500.00 plus 6% interest against the Appellant herein. The Plaintiff then filed a notice to take depositions for a bill of discovery and then the Defendant engaged counsel and filed a motion to set aside the default judgment. The trial court refused and this appeal was taken.

The document which purports to be a rudimentary answer was entered in the records of the Circuit Court Clerk on February 10, 1976. This is sufficient to constitute an appearance since it indicates the general intention of the Appellant to dispute the complaint. *Smith v. Gadd*, Ky., 280 S.W.2d 495 (1955).

The fatal defect in these proceedings is the failure of the Appellee to comply with the mandatory requirements of CR 55.01 which provides that a written notice of the application for default judgment shall be made at least 3 days prior to the hearing on such application when the party against whom the judgment by default is sought has appeared in the action.

The record does not indicate that any attempt was made to issue the notice of the application for judgment.

In the instant case, the document purporting to be an "answer" clearly indicates on its face the box number, city and zip code of the Appellants. The alias summons was served by the sheriff of Bullitt County. It is obvious that there is a great deal of difference between West Point in Hardin County, Kentucky, and Shepherdsville in Bullitt County, Kentucky. In a similar situation the Kentucky Court of Appeals, in the case of *McAtee v. Wigland of Louisville, Inc.*, Ky., 457 S.W.2d 265 (1970), indicated that a motion for summary judgment mailed to an incorrect address and not received by defendant's counsel, was inadequate and required a reversal of a summary judgment. The error in that case was one of only one digit, and in fact was next door to the correct address.

It is unnecessary for this Court to consider the presence or absence of a meritorious defense since the mandatory requirement of CR 55.01 is not present here. It should be noted that the courts should generally adopt a liberal attitude on motions to set aside default judgment for good cause shown. *Jacobs v. Bell*, Ky., 441 S.W.2d 448 (1969). It would appear that a careful examination of the court record prior to the entry of judgment would have revealed the problems herein considered and should have been quickly remedied before the trial court.

The judgment of the trial court refusing to set aside the default judgment is reversed and that default judgment is ordered set aside. This matter is remanded to the trial court for a new trial.

All concur.