Charles **LEEDY**, Appellant

v.

Gary **THACKER**, Jimmy Hayes and Elena Blackburn, Appellees.

Nos. 2006–CA–002313–MR, 2006–CA–002315–MR.

Court of Appeals of Kentucky.

Jan. 11, 2008.

Della M. Justice, Pikeville, KY, for appellant.

W. Sidney Trivette, Pikeville, KY, for appellee.

Before COMBS, Chief Judge; ACREE, Judge; HENRY,[1] Senior Judge.

## OPINION

HENRY, Senior Judge.

The Pike Circuit Court entered default judgments and judgments awarding damages against Charles Leedy in connection with two actions for trespass. Leedy now appeals these judgments, and the circuit court's denial of his motions to set them aside pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. Because the default judgments were improperly granted, we reverse the denial of the CR 60.02 motions and remand for further proceedings.

On August 8, 2005, Jimmy Hayes, Elena Blackburn and Gary Thacker filed complaints against neighboring landowner Charles Leedy, claiming that he had trespassed on their property and unlawfully cut down and removed timber. Hayes and

1. Senior Judge Michael Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Blackburn's action was filed in Division I of the Pike Circuit Court; Thacker's action was filed in Division II. The plaintiffs were all represented by the same attorney, Larry Webster. The two complaints were personally served on Leedy by a constable on August 20, 2005. On August 26, 2005, Leedy filed a handwritten, signed pro se answer in which he stated in his defense that he thought he owned the property and the trees in question, and that he had spoken to the plaintiffs and had assumed they had settled the matter. Leedy did not include a return address in his answer.

About two months later, Larry Webster made a motion to withdraw from his representation of the plaintiffs, citing a conflict of interest with the defendant. The certificate of service appended to his motion included Leedy's name and address. Plaintiffs' new counsel, Sidney Trivette, made a motion to be substituted in the actions. He also simultaneously filed motions in both actions to strike Leedy's answer because he had failed to include a return address, which Trivette contended was a violation of CR 5.02. He also moved the court to enter default judgments against Leedy, "for failure to comply with the Rules of Civil Procedure," and to allow the plaintiffs to take proof on damages. Trivette stated on the certificates of service appended to the motions that he was "unable to certify a copy of the within motion to the Defendant because he proceeded pro se and did not give an address pursuant to the Rules of Civil Procedure."

On November 11, 2005, both divisions of the Pike Circuit Court entered orders scheduling hearings on the plaintiffs' pending motions. On both orders, the circuit clerk certified that a copy of the order had been mailed to "all attorneys and/or parties on record." No specific names or addresses were listed in this certificate of service.

Leedy did not appear at the scheduled hearings. Virtually identical orders were thereafter issued, which granted the plaintiffs' motions to strike Leedy's answer and for default judgment on the issue of liability. The cases were assigned for evidentiary hearings on the issue of damages. The certificate of service appended to these orders includes Leedy's name and address.

Leedy did not attend the evidentiary hearings on damages. Division I entered findings of fact, conclusions of law and judgment on February 23, 2006, awarding damages of $8,189.70 for intentional trespass and removal of timber, the same amount in punitive damages, $1,500.00 for engineering costs, and $156.00 for filing fees and service of process costs. All amounts included interest at 8 percent until paid in full.

Division II entered a similar order on February 7, 2006, awarding plaintiff Thacker $8,136.00 in compensatory damages, the same amount in punitive damages, $1,000.00 for engineering costs, $156.00 for filing fees and service of process, all at 8 percent interest until paid in full. No certificate of service is appended to either of these judgments.

A notice scheduling Leedy's deposition to aid in the collection of the judgment was filed on May 25, 2006. A certificate of service was appended that contained Leedy's name and address. On July 10, 2006, a motion for a show cause order was filed which stated that Leedy had failed to appear for the deposition. The trial court entered a show cause order on July 14, 2006.

According to Leedy, he appeared in court after being served personally with the show cause order. He notified the court that he had not received notice of the deposition, and he agreed to participate in a rescheduled discovery deposition on Au-

gust 2, 2006. During the course of those deposition proceedings, however, he became aware for the first time that a default judgment had been entered against him. He immediately retained counsel, who filed a motion to quash any garnishment or execution proceedings and an accompanying motion to alter, amend or vacate the judgments that had found Leedy liable for trespass and had assessed damages against him. In the appended affidavit, Leedy stated that after filing his pro se handwritten answer to the complaint, he had no further contact with the court or the attorney for the plaintiffs until he received the subpoena directing him to appear in court on July 14, 2006.

A hearing was held on the CR 60.02 motions in Division II (the action in Division I was transferred to Division II for purposes of the hearing). The trial court entered orders denying the motion in both actions. The trial court did not address the merits of the default judgments; rather, the basis for the denial of relief was that the circuit clerk had certified that Leedy was sent the orders of November 21, 2005, and December 13, 2005, which had granted the plaintiffs' motions to strike his answer and their motions for default judgment on the issue of liability, and that Leedy had not alleged that he did not receive these orders.

■ When a defendant wishes to challenge a default judgment, CR 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

Although default judgments are not favored, a trial court is vested with broad discretion when considering motions to set them aside, and an appellate court will not overturn the trial court's decision absent a showing that the trial court abused its discretion.

*PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530–531 (Ky.App.2003).

On appeal, Leedy argues that the trial court's ruling was erroneous because his failure to provide a return address was not sufficient reason to strike the answer and render default judgments. We agree with Leedy that the default judgment was improperly granted.

Before a default judgment may be granted, the party seeking such a judgment must comply with the terms of CR 55.01, which states in relevant part as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor. **If the party against whom judgment by default is sought has appeared in the action, he, or if appearing by representative, his representative shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.** The motion for judgment against a party in default for failure to appear shall be accompanied by a certificate of the attorney that no papers have been served on him by the party in default.

CR 55.01 (emphasis supplied).

■ By timely filing[2] his handwritten answer in the Pike Circuit Court, Leedy

**2.** On appeal, the appellees contend that there is nothing in the record to verify that Leedy actually filed the pro se answer. The original handwritten answer is in the record from Division II however, stamped by the circuit clerk as filed on August 26, 2005. A photocopy of that stamped answer is also in the record from Division I. Furthermore, at the December 2, 2005, hearing on the motions to strike the answer and for default judgment,

had "appeared" in the case prior to the filing of the motion for default judgment. The word "appeared" as it is employed in CR 55.01 has been construed to mean that "the defendant has voluntarily taken a step in the main action that shows or from which it may be inferred that he has the intention of making some defense." *Smith v. Gadd,* 280 S.W.2d 495, 498 (Ky.1955). When an appearance has been made, the party seeking a default judgment must comply with the three-day notice rule. Failure to do so is a "fatal defect" in the proceedings and requires the judgment be set aside. *Hankins v. Cooper,* 551 S.W.2d 584, 585 (1977). A default judgment obtained without giving the notice required by the rule "raises questions of due process, rendering the judgment void within the meaning of CR 60.02(e)." *Kearns v. Ayer,* 746 S.W.2d 94, 96 (Ky.App.1988).

■ There is no evidence that any attempt was made to comply with the notice requirements of CR 55.01, even though Leedy's address was known to Larry Webster, Trivette's predecessor as plaintiffs' counsel. Leedy's address was also in the court record, appended to Larry Webster's motion to withdraw. Further, it appears from the pleadings that the plaintiffs knew or at least should have known where Leedy could be found, as the parties had been neighbors for a number of years. Had the record of this case contained some indication that the appellees made a good faith effort to provide notice as required under CR 55.01, our ruling might be different.

■ Because the default judgments were improperly granted and therefore void, the subsequent judgments awarding damages were similarly void. The circuit

court's reliance on evidence of subsequent service on Leedy to deny the CR 60.02 motion was also misplaced, since the threshold requirement under CR 55.01 had not been met. It has been held that Kentucky's courts "should generally adopt a liberal attitude on motions to set aside default judgment for good cause shown." *Hankins,* 551 S.W.2d at 586.

■ It is also troubling that Leedy's failure to include an address was used as the sole basis for granting the default judgment. As Leedy has acknowledged, CR 11 requires a party proceeding pro se to sign his pleadings and to state his address. Failure to sign a pleading may result in that pleading being stricken, but for all other violations of CR 11, the trial court may only impose sanctions upon the pleader. Moreover, even if for the sake of argument we agree with the appellees that Leedy's answer was properly stricken, it nonetheless constituted an "appearance" for purposes of CR 55.01, thereby triggering the notice requirement.

The orders of the circuit court denying Leedy's motions made pursuant to CR 60.02 are reversed. These cases are remanded to the Pike Circuit Court with directions that the court shall enter orders setting aside the default judgments and judgments for damages previously entered, and allow the cases to proceed.

ALL CONCUR.

---

the appellees' attorney stated in open court that Leedy had filed an answer but had failed to put a return address on it.