STATEWIDE ENVIRONMENTAL SERVICES, INC.; Ball Development Corporation, Inc.; John Rudolph Ball, Sr.; Nelson Thomas Ball; James Donald Ball, Sr.; and Joseph Bernard Ball, Appellants,

v.

FIFTH THIRD BANK, Appellee.

No. 2009–CA–001143–MR.

Court of Appeals of Kentucky.

July 29, 2011.

Laurence J. Zielke, David N. Hise, Louisville, KY, for appellant.

Scott T. Rickman, Lexington, KY, for appellee.

Before ACREE, DIXON and KELLER, Judges.

## OPINION

ACREE, Judge:

Two corporate appellants and four individual appellants appeal judgments entered against them as makers and guarantors, respectively, on a single note in favor of appellee, Fifth Third Bank. This case presents issues of civil procedure, namely whether the Marion Circuit Court erred: (1) in granting a motion for default judgment against the corporate appellants, and (2) in granting summary judgment against the individual appellants. We affirm.

### Facts and procedure

On August 28, 2006, Statewide Environmental Services, Inc. and Ball Development Corp. (collectively, corporate appellants) executed a promissory note with Fifth Third for $2.5 million. The loan was secured by the real and personal property of the corporations and personally guaranteed by John Rudolph Ball (Rudy), Thomas Nelson Ball (Nelson), James Donald Ball (Donald), and Joseph Bernard Ball (Bernard) (collectively, individual appellants).

When the corporate appellants failed to repay the $2.5 million upon the note's maturity date, Fifth Third demanded payment in full, in accordance with the terms of the note, then filed suit in the Marion Circuit Court. Fifth Third demanded, among other things, that it be awarded a judgment against the corporate and individual appellants for the principal loan amount plus interest, that the real and

personal property of the corporate appellants be seized and sold, and that a receiver be appointed to oversee the businesses until the action was resolved. There has been no allegation that any of the individual or corporate appellants were improperly served.

An attorney appearing on behalf of all the individual and corporate appellants entered a special appearance on February 25, 2008, to file a motion requesting an extension of time for the parties to hire counsel and file their answers.[1] The circuit court granted the motion on March 4, 2008, giving the appellants until March 24, 2008, to file their answers.

Rudy, Nelson, and Bernard each engaged separate legal counsel to represent them. On March 24, 2008, Rudy and Nelson answered the complaint through their respective attorneys.[2] On the same date, Aline Ball filed an answer on behalf of Donald as his attorney-in-fact under a power of attorney.[3] Bernard Ball was granted a second extension and, through his attorney, filed a timely Answer on April 28, 2008.

On March 24, 2008, both corporate appellants filed answers; however, the answers were not signed by an attorney. Each was signed by one of the individual appellants, neither of whom is licensed to practice law. Rudy signed Statewide's answer as its president; Nelson signed Ball Development's answer as its president.

Both answers were virtually identical and in the nature of a general denial, setting forth no affirmative defenses. These answers mark the corporate appellants' last participation in the litigation before the circuit court until the filing of their notice of appeal on June 16, 2009.

On August 9, 2008, Fifth Third filed a motion seeking to dispose of the claims against both the corporate and the individual appellants. The bank first moved to strike the corporate appellants' answers for failure to comply with Kentucky Rule of Civil Procedure (CR) 11 and Supreme Court Rule (SCR) 3.020.[4] Fifth Third then moved for entry of default judgment against the corporations, arguing that once the defective answers were struck, there would be no answer of record for the corporate appellants, justifying default judgment for failure to appear. Fifth Third also argued that once the default judgment was entered, the bank was entitled to summary judgment against the individual appellants because there could be no genuine issue of material fact regarding their liability on the note.

Only the individual appellants responded to the motion in any way: Rudy filed a *pro se* written response, while attorneys for two other individual appellants appeared at the hearing on the motion. Neither Rudy, who signed the answer on behalf of Statewide, nor Nelson, who filed Ball De-

---

1. In the motion, the attorney explained that he had represented the corporate and individual appellants in previous matters, but had only recently discovered a conflict would prevent representing them in response to Fifth Third's complaint.

2. Nelson also filed a cross-claim against the corporate appellants.

3. The exception was Donald, whose answer was signed by the holder of his power of attorney. Donald is not a party to this appeal.

4. CR 11 requires that pleadings be signed by an attorney or, if the party is appearing *pro se,* by the party himself. SCR 3.020 permits a corporate officer to appear on behalf of the corporation only in small claims court. Because of these rules, corporations cannot litigate *pro se* in Kentucky. *See Kentucky State Bar Ass'n v. Tussey,* 476 S.W.2d 177 (Ky. 1972). It was therefore improper for Rudy and Nelson to sign the corporate appellants' answers to an action before the circuit court. This issue is not in dispute.

velopment's answer, appeared at the hearing or submitted a written response on behalf of the corporations, and no attorney appeared on the corporations' behalf.

The circuit court did strike the corporate appellants' answers. Then, concluding that the corporate appellants were "in default because their [a]nswers have been stricken[,]" the circuit court sustained Fifth Third's motion in its entirety. An order to that effect was entered on November 18, 2008; that order was subsequently determined by this Court to be interlocutory.[5] A subsequent order was entered on May 19, 2009, adjudicating the remaining issues and re-adjudicating the issues disposed of in the November 18, 2008 order.

As noted, other than the defective March 24, 2008 answers, the corporate appellants made no appearance before the circuit court whatsoever prior to entry of the November 18, 2008 order. Nor did the corporations make any appearance after the entry of that order and before entry of the final order on May 19, 2009. Following that order, the corporate appellants failed to file a motion pursuant to Kentucky Rules of Civil Procedure 55.02 or 60.02 to set aside the default judgments against them, despite being fully aware of their entry. *Enterprise Foundry & Machine Works v. Miners' Elkhorn Coal Co.,* 241 Ky. 779, 45 S.W.2d 470, 473 (1931) ("[K]nowledge of an officer of the corporation is imputed to the corporation."). Instead, the corporations took their appeal directly from the default judgments.

On appeal, the corporate and individual appellants assert the circuit court should have denied the motion for default judgment, and, accordingly, the motion for summary judgment, arguing both legal and equitable principles. Finding their arguments unpersuasive, we affirm.

### *Standard of review*

■ When a defendant against whom a default judgment is entered fails to move the circuit court to set it aside, but instead appeals the default judgment directly, review is limited to determining whether the pleadings were sufficient to uphold the judgment and whether the appellant was actually in default.[6] *Jeffrey v. Jeffrey,* 153 S.W.3d 849, 851 (Ky.App.2004), *disc. rev. denied* (No.2004–SC–000373) (February 9, 2005).

### *The corporations' argument under "good cause" standard is unavailing*

■ The corporate appellants argue that, on review, this Court should apply the standard established for a circuit court's consideration of a motion to set aside a default judgment articulated in *PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.,* 139 S.W.3d 527 (Ky.App.2003), namely:

---

5. On December 21, 2009, this Court entered an order denying Fifth Third's motion to dismiss for failure to file a notice of appeal within thirty days of the entry of the November 18, 2008 order.

6. Of course, an inherent characteristic of a direct appeal from a default judgment is that the appellant has failed to preserve his claim of error. Ordinarily, we review unpreserved claims under the manifest injustice standard established in CR 61.02, the "substantial er-

ror" rule. However, the standard of review we apply now became a part of our common law in *Rouse v. Craig Realty Co.,* 203 Ky. 697, 262 S.W. 1083 (1924), before adoption of our current rules of civil procedure. Subsequent to the adoption of the current civil rules, the issue arose again in *Mingey v. Cline Leasing Service, Inc.,* 707 S.W.2d 794 (Ky.App.1986), and we elected to apply the more specific *Rouse* standard of review despite the availability of CR 61.02. *Jeffrey* followed *Mingey;* therefore, we now follow *Jeffrey.*

A party seeking to have a default judgment set aside must show good cause; *i.e.*, the moving party must show "(1) a valid excuse for the default; (2) a meritorious defense to the claim; and (3) absence of prejudice to the non-defaulting party."

*PNC Bank*, 139 S.W.3d at 530–31 (quoting *Sunrise Turquoise, Inc. v. Chemical Design Co., Inc.*, 899 S.W.2d 856, 859 (Ky. App.1995)). As established earlier in this opinion, this is not the proper standard.

■ However, even if we were to apply this standard, we would be unpersuaded. As we have said under similar circumstances, "[c]arelessness by a party or his attorney [in responding to a complaint and summons] is not reason enough to set an entry [of default judgment] aside." *Perry v. Central Bank & Trust Co.*, 812 S.W.2d 166, 170 (Ky.App.1991). In the case *sub judice*, as in *Perry*, "the excuses for failing to answer are weak, as are the defenses, and we cannot say it was an error or abuse of discretion for the trial court ... to grant the default judgment[.]" *Id.*

Specifically, the corporate appellants cannot satisfy the second factor identified in *PNC Bank* because the record is devoid of evidence of any meritorious defense. Regarding this second factor, the corporate appellants simply ask this Court for "an opportunity to defend themselves by conducting discovery and ascertaining whether or not they had counterclaims that could have been asserted." This is not "good cause" for reversal.

We shall now apply the proper standard to the default judgment, namely: (1) whether the pleadings were sufficient to uphold the judgment, and (2) whether the corporate appellants were actually in default.

### The pleadings were sufficient to uphold the judgment

■ We have carefully examined Fifth Third's pleadings and find they sufficiently state all the elements of a cause of action for the collection of a note; therefore, the pleadings are sufficient under *Jeffrey* to support a judgment. *See Dalton v. First Nat. Bank of Grayson*, 712 S.W.2d 954, 956 (Ky.App.1986) ("[D]efault judgment may not be based upon a complaint which fails to state a cause of action."), *citing Crowder v. American Mut. Liability Ins. Co.*, 379 S.W.2d 236, 238 (Ky.1964). Appellants make no argument to the contrary. This first factor is met.

### The corporate appellants were actually in default

■ When the corporate appellants, through their respective presidents, served and filed answers on their behalves, they "appeared in the action[.]" CR 55.01. As we said in *Leedy v. Thacker*, 245 S.W.3d 792 (Ky.App.2008),

> The word "appeared" as it is employed in CR 55.01 has been construed to mean that the defendant has voluntarily taken a step in the main action that shows or from which it may be inferred that he has the intention of making some defense. [citation and internal quotation marks omitted].

*Leedy*, 245 S.W.3d at 796. However, the appellants overstate both the legal significance of their "appearance," and the applicability of *Leedy* to the facts of this case.

Contrary to the appellants' suggestion, an appearance alone, particularly a technically deficient appearance, will not insure a defendant against the entry of a default judgment; the appearance merely entitles the defendant to notice if a motion for default judgment is filed. We emphasized that point in *Leedy*, stating,

> When an appearance has been made, the party seeking a default judgment must

comply with the three-day notice rule. Failure to do so is a "fatal defect" in the proceedings and requires the judgment be set aside. [citation omitted]. A default judgment obtained without giving the notice required by the rule raises questions of due process, rendering the judgment void within the meaning of CR 60.02(e). [citation and internal quotation marks omitted].

*Id.* We reversed the default judgment in *Leedy* because "[t]here [wa]s no evidence that any attempt was made to comply with the notice requirements of CR 55.01[.]" *Id.* However, despite the defendant's "appearance" for CR 55.01 purposes, we still said, "[h]ad the record of this case contained some indication that the appellees made a good faith effort to provide notice as required under CR 55.01, our ruling might be different." *Id.*

*Leedy* is inapposite here because Fifth Third made more than a good faith effort to serve the corporate appellants. Fifth Third fully complied with CR 55.01 and sent notice of its motion for default judgment, and in fact all pleadings throughout the litigation, to the respective corporations in care of their presidents.

Still, the deficiency of the corporations' answers made them vulnerable to Fifth Third's motion to strike, and the circuit court did strike them.[7] Striking a deficient pleading has the same legal effect as though no pleading whatsoever was filed. *See Roman Catholic Diocese of Lexington v. Noble,* 92 S.W.3d 724, 733–34 (Ky.2002) (indicating not only that stricken pleadings have no legal effect, as held by the trial

court, but that the trial court has the power to physically remove stricken pleadings from the record). Consequently, when the circuit court considered Fifth Third's motion for default judgment, it was not merely in the context of a deficient answer, but as if no answer at all had been filed.

■ The corporate appellants now argue that they "should have been given a reasonable opportunity to cure the deficiency [of the corporations' *pro se* filings] by finding counsel to represent them." There is some authority for that argument. *See, e.g., Simon v. Webster,* 184 Ky. 262, 211 S.W. 866, 869 (1919) (When deficient answer is filed, court "should not afterwards render a judgment disregarding the plea, but should notify the party before its action that the pleading is insufficient and give him an opportunity to correct it."). We reject this argument, however, because more than reasonable opportunity was afforded the corporations to correct the deficiency.

If the corporations were not aware of the deficiency of their answers sooner, they were certainly made aware of that fact on August 9, 2008, when Fifth Third filed its motion to strike the corporations' answers and served the motion on them. Still, the corporations did nothing. They made no appearance at the September 5, 2008 hearing. They did not challenge entry of the order striking their answers on November 18, 2008. They did not challenge the entry of the interlocutory order of default judgment entered the same date. They did not file a motion pursuant to CR 55.02 or CR 60.02 to set aside the default

---

7. While the circuit court struck the corporations' answers in the same order granting default judgment from which this appeal is taken, appellants do not challenge the propriety of the striking, nor would they be permitted to do so. Under *Jeffrey v. Jeffrey, supra,* the default judgment itself may be appealed directly without preservation of the error, but the rule requiring preservation would still apply to any claim of error in striking the answers. The corporations did nothing to preserve such a claim of error, and they do not ask us to consider the striking of the answers as palpable error under CR 61.02.

judgment once the interlocutory default judgment was made final on May 19, 2009. We conclude that the corporations were not deprived of the opportunity to correct their deficient pleadings or to try to set aside the default judgments; rather, for the better part of a year they ignored those opportunities.

A trial court may properly enter a default judgment in two circumstances: (1) when a defendant does not appear at all; or (2) when a defendant who has appeared in the action fails to defend as the Rules require. CR 55.01 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor."). Once the deficient answers were stricken in this case, both these circumstances applied. The corporations were in default.

Therefore, applying the appropriate standard reiterated in *Jeffrey, supra,* we find that the pleadings were sufficient to uphold the judgment and that the corporate appellants were actually in default. To the extent the order from which this appeal is taken granted default judgment against those corporations and in favor of Fifth Third Bank, we affirm.

### *Summary judgment was proper*

■ The individual appellants' argument for reversing the summary judgments entered against them is based solely on their arguments, dispensed with above, that default judgment was improperly entered against the corporate appellants.

Because we have concluded that the default judgment was proper, it follows that this argument is devoid of merit.

However, we would add that the individual appellants never opposed the motion for summary judgment before the circuit court. Their position is revealed in their reply brief where they say, "If the answers of the corporate Appellants were stricken, and judgment entered against them, then there was no reason to oppose the entry of summary judgment when the borrower[s] had lost on the merits." Without comment on the legal accuracy of that statement, it serves as an acknowledgement that the individual appellants offered no opposition to the summary judgment motion. Under such circumstances, and when the allegations in the complaint aver a proper claim, summary judgment is proper. *See Steelvest, Inc. v. Scansteel Service Center,* 807 S.W.2d 476, 480 (Ky.1991). We therefore affirm the circuit court on this matter, as well.

### *Conclusions*

We find nothing improper in the circuit court's entry of default judgment against the corporate appellants or its entry of summary judgment against the individual appellants. Accordingly, we affirm the order of the Marion Circuit Court in its entirety.

ALL CONCUR.