RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1126-MR

LUM ENTERPRISES, LLC                                    APPELLANT

APPEAL FROM SPENCER CIRCUIT COURT
v.        HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 21-CI-00005

RUTH MITCHELL AND
JOHN MITCHELL                                          APPELLEES

OPINION
AFFIRMING IN PART AND
VACATING IN PART

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE:  Lum Enterprises, LLC ("Lum LLC") appeals from

the Spencer Circuit Court's grant of default judgment to Ruth and John Mitchell.

Upon review, we affirm the judgment as to Lum LLC and vacate that portion of

the judgment piercing the corporate veil and imposing liability on the principal of

the LLC.

Lum LLC has a single member, John W. Lum. On October 13, 2018, Lum LLC contracted with the Mitchells to build a house on their property in Taylorsville, Kentucky. Lum LLC began construction on March 23, 2019, and stopped on December 5, 2019. According to Lum LLC, the Mitchells breached the contract by failing to pay for materials and labor. On January 10, 2020, Lum LLC filed a statement and notice of a mechanic's and materialman's lien against the property. On January 8, 2021, Lum LLC filed a complaint against the Mitchells and The Peoples Bank, Taylorsville, seeking the sale of the property and judgment in the amount of $47,752 plus interest and attorney's fees. The Mitchells filed an answer and counterclaim on January 19, 2021. In their counterclaim, they alleged that Lum LLC had breached the contract by failing to complete the work on their house in a timely and workmanlike manner and had wrongfully and intentionally filed the lien against their property. They alleged slander of title and violations of the Kentucky Consumer Protection Act. Their counterclaim sought a declaration that Lum LLC had no claim to their property, a release of the lien, and compensatory and punitive damages. Lum LLC was represented by counsel but failed to file an answer to the counterclaim. Shortly thereafter, the Mitchells served written interrogatories and requests for production of documents on Lum LLC through counsel. Lum LLC again did not respond.

On April 2, 2021, the Mitchells filed a motion for default judgment and to deem the requests for admissions admitted pursuant to Kentucky Rules of Civil Procedure (CR) 36.01(2). The motion for default judgment stated that the "Plaintiff, Lum Enterprises, LLC was administratively dissolved on October 8, 2020. As a result, the LLC owner, John W. Lum, is responsible for all claims relating to the LLC pursuant to [Kentucky Revised Statutes] KRS 275.150 because the immunity is extinguished, which entitles the Defendants to judgment against Lum, individually." The motion requested default judgment against the LLC and John W. Lum, individually, jointly, and severally. Neither John W. Lum nor Lum LLC responded to the motion for default judgment.

The trial court entered an order on April 8, 2021, releasing the lien and granting default judgment to the Mitchells. On April 21, 2021, the trial court ordered the admissions admitted and set the case for a trial on damages on May 19, 2021.

On May 19, 2021, counsel for the Mitchells tendered a folder of exhibits as their proof of damages. Counsel for Lum LLC was present and asked for time to review the exhibits. The trial court granted a continuance and the hearing on damages was held via Zoom on June 9, 2021. The trial court thereafter entered findings of fact, conclusions of law, and judgment in favor of the Mitchells in the amount of $96,857.34 plus $8,513.20 in attorney's fees.

In its judgment, the trial court held John W. Lum personally liable for all the damages, stating: "In view of the fact that the Plaintiff [the LLC] is not a legal entity and has never been reinstated, the protections of [Kentucky Revised Statutes] KRS 275.150 are unavailable and the principal, John W. Lum, is responsible for all damages to the Defendants, John and Ruth Mitchell." This conclusion was based on the history of Lum Enterprises, LLC, which was administratively dissolved by the Kentucky Secretary of State in October 2018 (it is unclear whether this dissolution occurred before or after the formation of the contract with the Mitchells) and reinstated in May 2019. It was administratively dissolved again on October 8, 2020, and reinstated on August 6, 2021. Thus, the LLC was in good standing at the time Lum LLC filed the lien, but was not active on the date of the filing of the complaint.

Lum LLC thereafter filed a series of motions, including a motion to set aside the default judgment, arguing that the failure to respond to the requests for admissions and the failure to answer the counterclaim were wholly attributable to counsel's incompetence; that the Mitchells would not suffer prejudice if they had to litigate their claims; and that Lum LLC had valid claims and defenses that were never heard on the merits. Lum LLC also filed a motion to alter, amend, or vacate the judgment, specifically to strike the portion of the judgment finding John W. Lum personally liable for damages. The motion argued that "the acts and

-4-

omissions which formed the basis of liability were undertaken by John Lum acting as member/manager of Lum Enterprises, LLC as he was in good standing with the Secretary of State at all times relevant to those acts." The motion further argued that the fact the LLC was later administratively dissolved had no bearing on his immunity from liability for those acts undertaken while the company was active. The trial court summarily denied the motions and this appeal followed.

A judgment by default may be obtained against a party who "has failed to plead or otherwise defend" as provided by the rules. CR 55.01. CR 55.02 provides that a default judgment may for "good cause" be set aside in accordance with CR 60.02. To show good cause, a party must demonstrate "(1) a valid excuse for the default; (2) a meritorious defense to the claim; and (3) absence of prejudice to the non-defaulting party." *Statewide Environmental Services, Inc. v. Fifth Third Bank*, 352 S.W.3d 927, 931 (Ky. App. 2011) (citations omitted). "Although default judgments are not favored, a trial court is vested with broad discretion when considering motions to set them aside, and an appellate court will not overturn the trial court's decision absent a showing that the trial court abused its discretion." *PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530 (Ky. App. 2003). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair or unsupported by sound

legal principles." *First Horizon Home Loan Corp. v. Barbanel*, 290 S.W.3d 686, 688 (Ky. App. 2009).

In reference to the first factor, the LLC contends that the failure to respond to the Mitchells' counterclaim and discovery requests was entirely attributable to the LLC's attorney and therefore it has shown a valid excuse for the default. But "[c]arelessness by a party or his attorney [in responding to a complaint and summons] is not reason enough to set an entry [of default judgment] aside." *Statewide Environmental Services, Inc. v. Fifth Third Bank*, 352 S.W.3d 927, 931 (Ky. App. 2011) (quoting *Perry v. Central Bank & Trust Co.*, 812 S.W.2d 166, 170 (Ky. App. 1991)). The LLC commenced this litigation by filing the lien against the property and then the complaint against the Mitchells. The Mitchells timely filed an answer and counterclaims. The LLC claims that good faith attempts were made to check on the litigation and trust was placed in the LLC's attorney to provide updates and to respond to the filings, but no tangible evidence is offered to support this contention. In any event, "[n]egligence of an attorney is imputable to the client and is not a ground for relief under CR 59.01(c) or CR 60.02(a) or (f)." *Vanhook v. Stanford-Lincoln County Rescue Squad, Inc.*, 678 S.W.2d 797, 799 (Ky. App. 1984). "A litigant may not employ an attorney and then wash his hands of all responsibility. The law demands the exercise of due

diligence by the client as well as by his attorney in the prosecution or defense of litigation." *Gorin v. Gorin*, 292 Ky. 562, 167 S.W.2d 52, 55 (Ky. 1942).

As to the second factor, the LLC claims that a meritorious defense to the Mitchells' counterclaims is evidenced by the fact that the LLC initiated the litigation by seeking to foreclose on the mechanic's lien, and that the position and defenses of the LLC were made offensively and defensively clear. The nature of these defenses is not specified, however, nor how these defenses would justify setting aside the default judgment.

Finally, the third factor requires a showing that setting aside the default judgment would not prejudice the Mitchells. The LLC relies on a federal opinion which states that a mere delay in satisfying the plaintiffs' claim does not constitute sufficient prejudice to require the denial of a motion to set aside the default judgment. *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980). In *Keegel*, the plaintiff did not inform the court that he had indicated in a letter to the defendants a willingness to accept as timely a late answer. The court entered a default judgment based on its ignorance of this agreement. There was no such understanding or agreement between the LLC and the Mitchells nor did the trial court enter default judgment based on a mistake. If the default judgment was set aside, the Mitchells would incur the prejudice of additional costs, attorney's fees, and delay in a matter that was initiated by the

LLC filing the lien against their property over fourteen months before the entry of the default judgment.

In sum, the LLC has not demonstrated the presence of the three factors necessary to show good cause to set aside the default judgment.

Additionally, the LLC argues that the trial court erred when it denied its motion to withdraw the admissions deemed admitted under CR 36.01.  The LLC contends that because Lum was not personally served with the admissions, which were served on counsel who failed to notify him or to respond, the trial court abused its discretion in denying the motion.

> [Lum] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R. Co.*, 370 U.S. 626, 633-634, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962) (internal quotation marks omitted).  The trial court acted in full accordance with the provisions of CR 36.01 and did not abuse its discretion in denying the motion to withdraw the admissions.

The trial court did err as a matter of law, however, in holding John W. Lum individually liable for the damages.  It pierced the corporate veil based on its

-8-

determination that the LLC was not a legal entity because it was administratively dissolved and never reinstated.

But the trial court's legal conclusion that Lum LLC is not a legal entity, based on these facts, is erroneous. Administrative dissolution of an LLC, which now occurs pursuant to KRS 14A.7-020, does not mean the entity no longer exists. "An entity administratively dissolved continues its existence but shall not carry on any business except that necessary to wind up and liquidate its business and affairs. . . .[and t]he administrative dissolution of an entity shall not terminate the authority of its registered agent." KRS 14A.7-020. The same principle of law is repeated in KRS Chapter 275 governing LLCs: "A dissolved limited liability company shall continue its existence but shall not carry on any business except that appropriate to wind up and liquidate its business and affairs, including . . . (a) Collecting its assets; . . . and (e) Doing every other act necessary to wind up and liquidate its business and affairs." KRS 275.300(2).

Was the LLC's action against the Mitchells brought to liquidate its business and affairs? There appears to be no proof one way or the other. However, if not, there is still time for John W. Lum to reinstate the LLC. "[A] member of a limited liability company enjoys statutory immunity from liability under KRS 275.150 for actions taken during a period of administrative dissolution

so long as the company is reinstated before a final judgment is rendered against the member." *Pannell v. Shannon*, 425 S.W.3d 58, 67 (Ky. 2014).

Because the trial court erred as a matter of law in piercing the corporate veil to impose liability on John W. Lum individually, that portion of its judgment is void.

For the foregoing reasons, the Spencer Circuit Court did not abuse its discretion in denying the motion to set aside the default judgment in favor of the Mitchells, and its findings of fact, conclusions of law, and judgment are affirmed as to the LLC. Insofar as the judgment pierces the corporate veil to impose liability on John W. Lum individually, it is vacated.

ALL CONCUR.

BRIEF FOR APPELLANT:

Georgia L. Hensley
Louisville, Kentucky

BRIEF FOR APPELLEE:

Gregg Y. Neal
Shelbyville, Kentucky