## Clark v. Clark.

Feb. 26, 1946.

Fritz Krueger for appellant.

J. J. Felton for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Appellant, John Clark, sued appellee, Ada Clark, his wife, for divorce on the ground of cruel and inhuman treatment, filing with his petition a written contract signed by both parties and embodying a present property settlement payment of $1,500 to appellee plus future monthly payments of $15 to appellee for the support of their sixteen year old daughter. After issues had been joined in the divorce action and also in regard to the validity of the property settlement contract, which appellee subsequently attacked, the chancellor, upon final submission of the whole case, rendered a judgment denying appellant a divorce, declaring the property settlement contract void, giving the present use of the home place to appellee, awarding maintenance of $45 per month to appellee plus $15 per month for the support of the daughter plus a fee of $125 to appellee's attorney. The appellant has now taken this appeal from that judgment.

However, the appellant says in his brief that he is insisting upon just one, single error committed by the chancellor in his judgment below, viz., his error in adjudging the property settlement contract void. Appel-

lant contends the contract was valid and should have been enforced, but the chancellor's judgment invalidated it upon the grounds that the contract was entered by appellee under force and duress and at a time when she did not realize what she was doing.

In order to understand the background of the contract in question, we now review a part of the evidence in the case. The record shows that the parties have had a married life during 21 years and have two daughters, one of whom is grown and earning her living. The appellee testified that she was also expecting another child at the time of this litigation. The difficulties of this marriage seem to have been twofold. On the one hand, appellant appears to have been engaged in operating a tourist camp of questionable reputation and this activity troubled and vexed his wife, according to her testimony. On the other hand, appellee appears to have been jealously inclined, nervous and high-strung. Each verbally abused the other upon occasions, according to the record.

Looking at the financial background of the case, we find that appellant values his real estate holdings at $4,250, while appellee values them at $4,500 and also puts an additional valuation of $2,500 upon holdings of personal property and furnishings, making a total valuation of $7,000. This estimate of total property valuation of $7,000 appears to be somewhere near the correct amount. The record indicates the tourist camp was a profitable enterprise. There is evidence that appellee worked, helped make the living and generally aided appellant in the acquisition of his property during their married life. Part of the time appellee cooked for boarders and helped operate a farm, and for three and one half years she did factory work at a salary of $80 to $100 per month. At one time appellant and appellee had a joint bank account of $1,500, which appellee asserted had been appropriated by appellant, but he denies the truth of that assertion.

As to the $1,500 consideration of the property settlement contract, appellee testified that she had not cashed appellant's check for the $1,500 payment but had held same uncashed and unaccepted throughout the time of these difficulties and this litigation.

Upon the occasion of the execution of the property settlement agreement, the validity of which is now in

controversy on this appeal, appellee, according to her testimony, had scarcely slept for about three weeks and was nearing a nervous collapse and did not then realize what she was doing. The evidence for appellant tended to establish a normal condition of appellee's nerves and mental understanding at the time of execution of the contract. The appellant and the lawyer who drew the contract and the latter's stenographer all testified as to appellee's apparently normal mental condition when this contract was drawn and executed.

This court has held that separation contracts are to be scrutinized with great care and that such a contract should not be upheld by the courts if it is unfair to the wife and made at a time when the wife is laboring under great mental distress. Kline v. Kline, 105 S. W. 1189, 32 Ky. Law Rep. 492.

A payment to appellee of only $1,500 out of property holdings of about $7,000, which undoubtedly both appellant and appellee helped accumulate, does not appear to be quite fair in a separation that was apparently caused by fault of both parties. Therefore, we think the chancellor was correct in closely scrutinizing this contract which was rather unfair on its face. And in view of the appellee's own testimony as to her great mental distress and highly nervous condition at the time of this contract's execution, the chancellor had sufficient evidence upon which to base his judgment invalidating the separation agreement at the instance and request of appellee.

A separation agreement will be closely scrutinized by a court of equity, without too much regard for rules of pleading and procedure. It must appear that the husband exercised the utmost good faith; that there was a full disclosure of all material facts, including the husband's circumstances and any other fact which might affect the terms of the contract; and that the provisions made in the agreement for the wife were fair, reasonable, just, equitable, and adequate, in view of the conditions and circumstances of the parties at the time, that is, in view of the property of the husband, the needs of the wife, and their station in life. 42 C. J. S., Husband and Wife, sec. 593, p. 171.

The propriety of a chancellor's judgment invalidating a separation agreement between husband and

wife was upheld in the case of Sparks v. Sparks, 215 Ky. 508, 284 S. W. 1111. In the court's opinion in that case, reference was made to the unfair terms of the contract under consideration which warranted the belief that the contract must have been executed under influences which affected the freedom of will essential to any contract between husband and wife.

While it is fair to say that the lawyer who drew this contract between appellant and appellee acted ethically and in entire good faith, yet it may be observed that appellee did not at the time of the contract have a separate lawyer of her own to represent and advise her. Neither did appellee have any of her kindred present to counsel with her when the contract was made. Of course, a separate lawyer was not essential, neither was the presence of a relative required at the making of the contract. However, upon a subsequent attack upon the contract, these conditions could well be considered, and undoubtedly they were considered, by the chancellor in rendering his judgment.

It is fitting to say in conclusion that the original draftsman lawyer, who endeavored to fairly and helpfully serve both parties to the contract, declined to take either side on this appeal, and we further point out that appellant's present lawyer on this appeal had no part whatever in the preparation or execution of the contract in litigation.

For the reasons indicated, the judgment is affirmed.