## MULLINS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 4, 1953.

when the court recessed at noon. This was also the first day of the October term of court and appellant's attorney asserts it became necessary, soon after lunch, for him to attend a sheriff's sale in front of the courthouse to protect the interest of some of his other clients, but it seems clear that he did not inform the presiding judge of this fact. The attorney departed on his mission and for some unknown reason appellant also left the courtroom at or about the same time. During their absence appellant's case was called, it being then 1:30 p. m., and the Commonwealth introduced its proof. Appellant and his attorney returned while the judge was in process of writing the instructions to be read to the jury. Appellant's attorney promptly explained his absence to the judge and asked for an opportunity to make defense to the charge. This request was refused and the case was submitted to the jury with the result that a default judgment was rendered against appellant. The foregoing facts are not denied by a counter-affidavit, and we must therefore accept them as true.

N. Baxter Jenkins, Whitesburg, for appellant.

J. D. Buckman, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

STEWART, Justice.

Arthur Mullins, convicted of operating a motor vehicle upon a public highway while intoxicated, was fined $100. He has moved for an appeal, urging as a ground for reversal that the lower court abused its discretion when it refused to permit him to make defense under the circumstances we shall describe.

■ The evidence on the issue raised is set forth in affidavits filed in support of the motion and grounds for a new trial and they disclose these facts: On the day appellant's case was set for trial, he and his attorney were present in the courtroom. There were sixteen cases on the docket for trial, appellant's case being the fourteenth on the list, and six of these had been disposed of

■ While we do not in any wise condone the actions of appellant and his attorney in absenting themselves, under the circumstances we have mentioned, still they reappeared in the courtroom before the case was submitted to the jury and within ample time for appellant's side to have been heard without too great inconvenience to the court. Since the policy of the law is to have every litigated case tried on its merits, judgments by default are not favored, and, as such a judgment deprives a defendant of substantial rights, it is lawful only when duly authorized. 49 C.J.S., Judgments, § 187, page 326.

We conclude that the presiding judge abused his discretion when he refused under the circumstances to allow appellant to make defense to the charge preferred against him.

Wherefore, the motion for an appeal is sustained and the judgment is reversed and remanded for proceedings in conformity with this opinion.