ADKINS v. JONES et al.

Court of Appeals of Kentucky.

Jan. 29, 1954.

W. A. Daugherty, Stratton & Stratton, Pikeville, for appellant.

O. T. Hinton, Pikeville, for appellees.

CLAY, Commissioner.

This is an action in equity brought by the former wife of the principal appellee to set aside a property settlement agreement and certain deeds executed pursuant thereto. The agreement and the deeds

were executed in August 1945. This action was commenced in July 1949. The Chancellor dismissed appellant's petition.

In 1945 the parties had been married approximately 16 years, and four children had been born of the marriage. In that year appellee proposed to obtain a divorce from appellant, to which she was agreeable. On August 9, 1945, the parties appeared in the law office of appellee's counsel and there signed a settlement agreement. At that time appellant executed two deeds to real estate in which she had an interest, conveying one tract of land to her children and the other to appellee's attorney to be reconveyed to appellee.

Soon after the execution of this agreement appellee instituted a divorce action to which no defense was made. A divorce was granted to him and the agreement was approved in the judgment. Pursuant to such agreement appellee was given custody of the four children.

The only monetary consideration realized by appellant under the agreement was the payment to her by appellee of $100 a month for life or until she remarried. Approximately four years after the date of the agreement appellant remarried and the monthly payments to her were discontinued. This unexpected loss of revenue seems to lie in the background of this litigation.

At the time the agreement was executed appellant owned a remainder interest in two lots located in Pikeville and an undivided half interest in another lot valued at $5,000 which had been purchased by her husband. She also had on paper a one-third interest in the Jones Elkhorn Coal Company which was owned and operated by her husband. The settlement agreement stripped her entirely of her own property and all the property in which she held an interest with her husband. She contends that she was uneducated and in such a mental condition when the agreement was executed that she did not realize what she was doing and that by fraud, misrepresentation, overpersuasion and duress appellee had induced her to sign the agreement and execute the deeds.

On behalf of appellee it is pointed out that except for the two lots in which she had a remainder interest and which had been conveyed to her by her father, she owned no interest in any property except that which had come to her by virtue of the marital relationship. It is also pointed out that by virtue of the agreement appellee assumed the entire care and custody of the four children and in addition assumed the obligation to pay her $100 a month, to which she would not have been entitled upon a divorce granted to the husband.

With respect to the actual execution of the agreement, appellant and appellee met in the law office of appellee's counsel and the matter was consummated. The latter testified that the agreement and the deeds were read to appellant and that the suggestion was made that appellant could have her own counsel present if she wished. She had theretofore consulted a lawyer with respect to obtaining a divorce. While appellant denied that she read or had read to her all of the instruments and denied that she was offered counsel, and also testified that she was threatened and was acting under duress, the evidence does not establish that she was in any way overreached or defrauded on this occasion. If she did not have ample opportunity before executing the agreement to understand every detail of the arrangement, certainly she had that opportunity prior to the entry of the divorce judgment. In addition, the fact that she waited almost four years before attempting to attack this agreement is itself very persuasive that she understood and was willing to accept its terms.

While separation agreements should be scrutinized closely and should not be upheld when a wife is unfairly induced to surrender her rights, the facts and circumstances shown by the record do not establish that appellant was imposed upon, overreached or defrauded.

There is no proof of substance which would justify our reversing either the findings or conclusions of the Chancellor.

■ Appellant has attempted to inject into the case certain evidence in connection with her subsequent remarriage, but these later events have nothing whatever to do with the agreement she seeks to set aside.

Appellee presents the argument that appellant's petition should have been dismissed on procedural grounds without considering the evidence, since no attempt has been made to set aside the judgment which approved the settlement agreement. However, we have considered the case as if the proper procedure had been invoked and we find no error in the judgment.

The judgment is affirmed.