Dorothy DRESSLER, Appellant,

v.

Gary E. BARLOW, Appellee.

Court of Appeals of Kentucky.

May 15, 1987.

Robert N. Trainor, Covington, for appellant.

Kurt J. Meier, Fort Thomas, for appellee.

Before COMBS, HOWARD and LESTER, JJ.

COMBS, Judge.

This appeal is from the Campbell Circuit Court which entered default judgment in favor of appellee who had filed a complaint for declaratory judgment involving a land sale contract entered into between appellee as seller and appellant as buyer. Appellee complained to the court that appellant had defaulted under the terms of the contract. The issues on appeal are procedural.

The record reveals the procedural steps taken were as follows:

| | |
|---|---|
| April 8, 1986 | — Complaint filed; |
| April 9, 1986 | — Return of service filed. |
| May 6, 1986 | — Plaintiff filed motion for default judgment. |
| May 14, 1986 | — Defendant filed Memorandum in opposition to motion for default judgment. |
| May 19, 1986 | — Plaintiff filed reply to defendant's memorandum. |
| June 3, 1986 | — Default judgment entered. |
| July 9, 1986 | — Defendant filed motion for temporary stay of execution. |
| July 24, 1986 | — Order entered overruling motion for temporary stay of execution. |
| July 29, 1986 | — Defendant filed motion to set aside judgment. |
| August 6, 1986 | — Plaintiff filed objection to motion to set aside judgment. |
| August 26, 1986 | — Order entered overruling defendant's motion to set aside judgment. |

Appellant opposed granting appellee a default judgment first by claiming she was never served the summons and complaint.

The record contains proof of service by the deputy sheriff. Appellee says according to CR 5.03 this is irrebuttably conclusive that service was made. Appellant denies any recollection of ever being served. This issue is statutorily resolved. KRS 61.060 provides that:

No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer.

This is not a direct proceeding against the deputy sheriff or his sureties; appellant has not alleged fraud on the appellee's part, nor mistake of any sort on the deputy sheriff's part. Thus we can find no error in the trial court's disagreement with appellant's assertion that she was not served since she does not recall being served.

Appellant says error next occurred because neither she nor her attorney received any notice of appellee's motion for default judgment. Appellee points to CR 55.01 which requires notice of motion for default judgment if "the party against whom judgment by default is sought has appeared in the action." Appearance may be personal or by one's representative. Neither appellant nor her representative had previously appeared in the action when appellee's motion for default judgment was made. Thus, appellee violated no procedural rule in his application for a default judgment. *See Pound Mill Coal Company v. Pennington*, Ky., 309 S.W.2d 772 (1958).

Appellant's attorney, by chance, discovered the pendency of appellee's motion for default judgment, and went before the court to object and request leave to file a memorandum in opposition to the motion. The court granted appellant's requested leave, and appellant filed a memorandum in which she mentioned, what would be if proven, numerous meritorious defenses to the complaint and a counterclaim. Appellee filed a reply. The court entered default judgment.

We understand that granting of default judgment is in most cases discretionary with the trial court. *Harris v. Commonwealth*, Ky.App., 688 S.W.2d 338 (1984). Yet we also realize that default judgments are not looked upon with favor as it is the policy of the law to have every case decided on its merits. *Ryan v. Collins*, Ky., 481 S.W.2d 85 (1972); *Mullins v. Commonwealth*, Ky., 262 S.W.2d 666 (1953). It is the opinion of this court that it was an abuse of discretion for the trial court to grant default judgment in favor of appellee, after having given appellant leave to show cause why that judgment should not be reached, and defendant responded by producing *prima facie* defenses and counterclaims. Kentucky's highest court similarly resolved this controversy in *Childress v. Childress*, Ky., 335 S.W.2d 351 (1960). The defendant in that case had also failed to timely answer or appear against the complaint. Defendant's attorney filed a motion out of time for leave to answer and defend, citing his defenses. The trial court overruled his motion and entered default judgment. That judgment was reversed.

Although in *Childress* the defendant was illiterate, and no motion for default judgment was pending, the crux of the reversal was independent of those facts. The rationale of the court was as ours is now:

We fully recognize that the trial court has a broad discretion in controlling the pleadings; but if it seems to this court that the discretion exercised was not sound, we overrule the lower court in rejecting a pleading raising an issue.

. . . .

Since every cause of action should be tried upon the merits, the rendering of judgments by default ought to be withheld where seasonable objection is made unless a persuasive reason to the contrary is submitted.

. . . .

In the present case, the delinquent defendant had sought to head off the entry

of the default judgment by his motion. That fact is a significant and important consideration.

*Childress, supra* at 354. (Citations omitted.)

Since we hold that the granting of default judgment was error, it follows that the order overruling appellant's motion to set aside the default judgment must fall of its own weight.

Accordingly, the order of the Campbell Circuit Court is hereby reversed with directions that appellant be allowed to file her answer and counterclaim out of time.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.