RENDERED:  OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0387-MR

SUZANNE MANN                                                                    APPELLANT


v.         APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 24-CI-006967


AMERICAN EXPRESS NATIONAL                                    APPELLEE
BANK


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, KAREM, AND McNEILL, JUDGES.

EASTON, JUDGE:  This is a credit card collection case.  Appellant Suzanne Mann ("Mann") appeals from the Jefferson Circuit Court Order denying her Motion for Enlargement of Time to file an Answer and subsequently granting a Motion for Default Judgment filed by Appellee American Express National Bank ("Amex"). Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As a result of Mann's default, Amex filed this case to collect a credit card balance of over $10,000. A Jefferson County Deputy Sheriff served the Complaint to Mann on October 2, 2024.[1] Mann failed to file an answer or enter an appearance in the case within the allotted twenty days. Over three months later, on January 16, 2025, Amex filed a Motion for Default Judgment. On February 6, 2025, an attorney for Mann filed an Objection with a tendered Answer. Mann said she was unable to obtain counsel when first served with the summons and complaint. She asked the circuit court to deny Amex's Motion for Default Judgment and allow her late Answer.

By Order entered March 5, 2025, the circuit court treated the Objection as a motion for enlargement of time under CR[2] 6.02(b) because a default judgment had not yet been entered. The circuit court ruled that Mann's Objection did not demonstrate Mann should be excused for having failed to file an answer or otherwise respond in a timely manner. The circuit court denied the Objection and granted the Default Judgment by separate Order entered on March 12, 2025.

---

[1] Civil Summons entered October 3, 2024, Proof of Service delivered to Suzanne Mann on October 2, 2024, by Deputy Sheriff.

[2] Kentucky Rules of Civil Procedure.

Mann did not file a motion to set aside the Default Judgment in circuit court. Instead, she filed a Notice of Appeal on March 25, 2025, challenging both the Order granting the Motion for Default Judgment and denying her motion for enlargement of time to file her Answer.

## STANDARD OF REVIEW

Permission to plead after the allotted time is a matter within the discretion of the trial judge. *Moffitt v. Asher*, 302 S.W.2d 102, 103 (Ky. 1957) (citing *Orange Theatre Corporation v. Rayherstz Amusement Corp.*, 130 F.2d 185 (3d Cir. 1942)). We then review the grant or denial of a CR 6.02 motion for an abuse of discretion. A trial court abuses its discretion when it decides an issue arbitrarily, unreasonably, unfairly, or unsupported by sound legal principles. *Gaither v. Commonwealth*, 521 S.W.3d 199, 205 (Ky. 2017) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## ANALYSIS

CR 12.01 provides a defendant 20 days after service of the summons upon her to file an answer. CR 6.02 provides some relief from this time frame. Specifically, CR 6.02 states:

> When by statute or by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, . . . (b) upon motion made after the expiration of the specified

period permit the act to be done where the failure to act was the result of *excusable neglect*

(Emphasis added.)

"Excusable neglect" generally refers to one's failure to take a proper step at a proper time owing to some unexpected or unavoidable hindrance or accident. BLACK'S LAW DICTIONARY (11th ed. 2019). The term is also understood to refer to an act of a reasonably prudent person under the same circumstances. *Conlan v. Conlan*, 293 S.W.2d 710, 712 (Ky. 1956) (citing *Sieb's Hatcheries, Inc. v. Lindley*, 13 F.R.D. 113 (W.D. Ark. 1952)).

Mann primarily relies on *Childress v. Childress*, 335 S.W.2d 351 (Ky. 1960), to support her position that the circuit court abused its discretion in denying her motion for enlargement of time to file an answer. In *Childress*, the Court concluded that denying a late answer and granting a default judgment in a divorce proceeding was an abuse of discretion where the defendant made a "prima facie showing" of his defenses – that the settlement agreement he signed was unfair and that, because of his inability to read, he was taken advantage of. *Id*. at 354.

*Childress* is distinguishable because the defendant's motion in *Childress* substantially stated a direct attack on the integrity and validity of the parties' agreement. Mann's Answer of just over one page contains no substantive factual allegations to support the otherwise boilerplate defenses listed. In

*Childress*, the delay was a matter of just over one month. *Id.* at 352. In the present case, the delay is several times that long.

Mann also relies on *Dressler v. Barlow*, 729 S.W.2d 464 (Ky. App. 1987), in which an abuse of discretion was found in granting default judgment after a defendant provided numerous meritorious defenses to the complaint. *Id.* at 465. Again, the time between service and objection in *Dressler* was also just over one month.

"While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure." *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009).

This court has previously held that default judgment should not be entered against a defendant after *timely* submitting documents challenging responsibility for the debt via a *pro se* letter to the court, *see Kearns v. Ayer*, 746 S.W.2d 94 (Ky. App. 1988). Here, Mann made no attempt to raise defenses to the collection action before the time passed to respond. She failed to send a *pro se* letter to the circuit court requesting additional time to consult with or retain counsel. Mann's inaction was the result simply of her failure to act, not the result of excusable neglect. The circuit court decision denying the motion for

enlargement of time to file an answer is supported by sound legal principles. The circuit court did not abuse its discretion.

The validity of a default judgment is usually presented to this Court after a defendant has sought to set aside a default judgment. This case presents a different procedural posture. Still, Mann generally challenges the entry of the Default Judgment. We will briefly address whether the pleadings were sufficient to uphold the default judgment.

When a defendant against whom a default judgment is entered fails to move the circuit court to set it aside, but instead appeals the default judgment directly, review is limited to determining whether the pleadings were sufficient to uphold the judgment and whether the appellant was actually in default. *Jeffrey v. Jeffrey*, 153 S.W.3d 849, 851 (Ky. App. 2004) (citations omitted). As we have already explained, Mann was in default. For completeness of our review, we will consider whether Amex has sufficiently stated all the elements of a cause of action for the collection of a credit card debt.

Kentucky law requires three showings that a plaintiff/creditor must provide to prevail on a debt collection action: (1) a bill of sale listing the name and account number of the defendant (if the account has been sold or assigned); (2) a document specifically detailing how the creditor/plaintiff reached the principal and interest amounts that it is suing for; and (3) documentary evidence that the

defendant is in fact the person responsible for the debt. *Bruner v. Discover Bank*, 360 S.W.3d 774 (Ky. App. 2012). Here, Amex presented proof of the cardmember agreement,[3] itemized billing statements,[4] and documentary evidence that Mann is in fact the person responsible for the debt.[5] The pleadings are sufficient under *Jeffrey* to support a judgment.

## CONCLUSION

There was no abuse of discretion in the circuit court's determination that Mann's four-month delay in filing any response to the civil action filed against her, without prior attempts to inform the court of her desire for additional time to secure counsel and without raising any substantive defenses to the complaint itself, was not "excusable neglect" such that an extension of time to file a responsive pleading under CR 6.02(b) was warranted. Mann was in default, and Amex's pleadings are sufficient to support a judgment. The Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

---

[3] *See* Complaint, Exhibit "B"; Motion for Default Judgment, Exhibit "A."

[4] *See* Complaint, Exhibit "A"; Motion for Default Judgment, Exhibit "B."

[5] *See* Motion for Default Judgment, attached Affidavit of Assistant Custodian of Records for American Express.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

James H. Lawson             Diane E. Huff
Shelbyville, Kentucky        Hebron, Kentucky